**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

vs.  No. 08-CV-331 RB/WDS
 No. 03-CR-1832 RB

MARCELLO JIMENEZ,

Defendant/Movant.

**MAGISTRATE JUDGE'S PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION[1]**

This is a Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 by Petitioner Marcello Jimenez. (Document No. 1, with Memorandum in Support, Document No. 6) Jimenez is acting *pro se*. Respondent filed a response in opposition to the motion. (Document No. 15) Petitioner filed a reply to the government's response. (Document No. 18) The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, recommends that the Motion be denied. Because the issues are resolved on the pleadings, and the record establishes conclusively that Jimenez is not entitled to relief, an evidentiary hearing is not necessary. 28 U. S. C. §2255; *Trice v. Ward* 196, F. 3d 1151, 1159 (10th Cir. 1999), cert. denied, 531 U. S. 835 (2000). The court makes the following findings and recommended disposition.

**CLAIMS**

Jimenez claims that he was denied effective assistance of counsel as guaranteed by the Sixth

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Amendment of the United States Constitution as a result of defense counsel's failure to adequately represent him in connection with his sentencing. Petitioner's sentence was enhanced under the Armed Career Criminal Act (ACCA) and Petitioner generally alleges that his defense counsel should have prevented that enhancement. Specifically, he asserts his defense counsel failed to convince the sentencing court that certain prior convictions: (1) were too old to be used as predicates for an enhancement under the ACCA; (2) did not qualify as "violent felonies" under the ACCA; (3) were found by the Court and not the jury; and (4) violated the Ex Post Facto Clause of the Constitution.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2003 Tyran White was shot in the neck. Police investigation led to information indicating that Petitioner was a suspect in the shooting. On February 10, 2003 Police executed a search warrant at the residence Petitioner shared with his girlfriend and his girlfriend's son. Numerous weapons were found in the residence, although the police found no evidence linking these weapons to the shooting of Mr. White, and Petitioner was not charged with the shooting. Petitioner, however, had an extensive criminal history that included two convictions for burglary, one in 1988 and one in 1996, a conviction for commercial burglary in 1989, and a conviction for escape from an inmate release program in 1989. Petitioner had been sentenced to 18 months for each of the three burglaries, and three years for the escape.

On September 17, 2003, a grand jury in the District of New Mexico returned a single count indictment charging Petitioner with being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). Six weeks later the grand jury returned a superseding indictment which added a second count charging Petitioner with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). The matter proceeded to jury trial in April and the jury found Jimenez guilty of both counts of the indictment.

On May 4, 2005, a sentencing hearing was held before the Honorable Robert C. Brack, United States District Judge. After hearing the arguments of defense counsel and the government, the court took the matter under advisement. The court sentenced Jimenez to concurrent 235-month sentences as to Counts 1 and 2.  The court entered the judgment that same day, and Petitioner appealed.  The defendant argued in his appeal that the District Court erred in denying his motion to suppress based on a deficient warrant, that an alleged error in the jury instructions misstated the law on constructive possession, thereby confusing the jury and lowering the Government's burden of proof and that the evidence presented at trial was insufficient to support his conviction.  The Court of Appeals affirmed the District Court on all of the issues appealed.

On April 11, 2008, the defendant filed this 2255 Motion and Memorandum in Support of 2255.  In his motion, the defendant argues that his sentenced should not have been enhanced under the Armed Career Criminal Act.  Additionally, he argues that his counsel was ineffective in not making certain arguments on his behalf at sentencing.

## STANDARD OF REVIEW

Since Jimenez is in federal custody pursuant to the judgment of a federal court, 28 U.S.C. §2255 applies.  A district court may grant relief under § 2255 only if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  Petitioner's claim of ineffective assistance of counsel, if proved, would constitute a denial or infringement of his constitutional rights.

The motion could be procedurally barred because the alleged "ineffective assistance of counsel" arises from defense counsel's purported failure to identify errors in the application of the

Sentencing Guidelines, an issue that could have been raised on appeal. "A § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). The substance of the motion should be examined, however, if the Court "can best serve the interests of judicial efficiency, conservation of judicial resources, and orderly and prompt administration of justice by . . . ruling on the merits, even though the . . . procedural bar would also apply." *United States v. Allen*, 16 F.3d 377, 379 (10th Cir. 1994). The Court elects to address the merits of Petitioner's claims in the interest of judicial efficiency.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's allegations are styled as an ineffective assistance of counsel claim. The merits of an ineffective counsel claim are squarely governed by *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). In *Strickland*, 466 U.S. at 686-87, the Supreme Court devised a two-step inquiry to determine whether a lawyer's poor performance deprived an accused of his Sixth Amendment right to assistance of counsel. In order to establish an ineffective assistance claim, the petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced [his] defense." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999), cert. denied, 529 U.S. 1027 (2000). To establish deficient performance, Jimenez must show that his attorney made "errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," *Williams v. Taylor*, 529 U.S. 362, 390, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000), quoting *Strickland*, 466 U.S. at 687; and that his legal "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To establish prejudice, Jimenez "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

The prejudice component focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Williams*, 529 U.S. at 393, FN17, citing *Strickland* 466 U.S. at 687, and *Kimmelman v. Morrison*, 477 U.S. 365, 374, 393, 91 L. Ed. 2d 305, 106 S. Ct. 2574 (1986); see also *Lockhart v. Fretwell*, 506 U.S. 364, 369, 122 L. Ed. 2d 180, 113 S. Ct. 838 (1993). It is entirely appropriate for a habeas court to analyze the prejudice prong first and exclusively, if that is the easier course. *E.g. Scoggin v. Kaiser*, 186 F.3d 1203, 1207 (10th Cir. 1999).

Petitioner first questions whether his previous burglary convictions qualify as "violent felonies" under 18 U.S.C. §924(e), noting that not all burglary convictions qualify. *See Shepherd v. United States*, 544 U.S. 13 (March 7, 2005)(The Armed Career Criminal Act makes burglary a violent felony only if committed in a building or enclosed space ("generic burglary"), not in a boat or motor vehicle."). Respondent has produced the Criminal Information and Judgment for two of Petitioner's earlier convictions, CR-88-294 and CR-89-15. Petitioner was charged with Commercial Burglary in each instance and pled guilty to burglarizing the First Spanish Assembly of God and the Hamburger House, respectively. In Petitioner's objections to the Pre-Sentencing Report (Document 39, 03CR1832) he admitted that his third burglary conviction was also a commercial burglary, that of a liquor store. Each conviction clearly qualifies as a "generic burglary" pursuant to *Shepherd*, and is an appropriate predicate crime under §924(e). Petitioner's arguments in regard to the *Shepherd* opinion are not well taken.

In view of the three convictions for "violent felonies" noted above, it is not necessary for the Court to consider whether Petitioner's conviction for Escape also constitutes a violent felony, although Petitioner seems to acknowledge that it would be so considered, and the Tenth Circuit has so held. *See, United States v. Mitchell*, 113 F.3d 1528, 1533 (10th Cir. 1997). Furthermore,

5

Petitioner's suggestion that his convictions were to old to be considered by the sentencing court also lacks merit. There is a fifteen year "look back" provision for determining a defendant's Criminal History under the Sentencing Guidelines. *See*, USSG §4A1.2(e)(1). But that fifteen year provision does not apply to the Armed Career Criminal Act, and the age of the Petitioner's convictions in this case are of no consequence.

Similarly, Petitioner's argument that the burglaries could not be considered under §924(e) since he had completed his sentences before being arrested on the federal charges is not well taken. The Court has reviewed the Memorandum Opinion and Order re: Sentencing (Document 43, 03CR 1832) and finds no "judicial misconduct", as alleged by the Petitioner, in the court's interpretation of §924(e).

Petitioner also alleges that he was denied due process of law when the issue of his earlier convictions was determined by the Court, not submitted to the jury. There is Supreme Court precedent to the contrary, *see, James v. United States*, 127 S.Ct. 1586, 1600 (2007) and Petitioner's position is not well taken.

Finally, Petitioner questions whether his 1985 Burglary conviction can be used to enhance his sentence under the ACCA when that crime occurred before the ACCA was enacted in 1987[2], i.e., is the use of a conviction older than the ACCA a violation of the Ex Post Facto Clause? Enhancement of a sentence under the ACCA when the predicate crimes were committed before the effective date of the ACCA has been found not to violate the Ex Post Facto Clause. *See*, *United States v. Etheridge,* 932 F.2d 318 (4th Cir. 1991), cert. den. 502 US 917, 116 L. Ed. 2d 264, 112 S.

---

[2]The Court is under the impression that the ACCA was enacted in 1984, thus preceding Petitioner's 1985 burglary conviction. It is not necessary to determine the exact date, however, since Petitioner is not be entitled to relief even if the ACCA were not enacted until 1987.

Ct. 323 (1991); *United States v. Presley,* 52 F.3d 64 (4th Cir. 1995), cert. den. 516 US 891, 133 L. Ed. 2d 165, 116 S. Ct. 237 (1995); *United States v Reynolds,* 215 F.3d 1210 (11th Cir. 2000), cert. den. 531 US 1000, 148 L. Ed. 2d 470, 121 S. Ct. 500 (2000); *United States v Springfield,* 337 F.3d 1175 (10th Cir. 2003).

## CONCLUSION

To show his counsel was constitutionally deficient, a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness. *Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th Cir. 1995) (quoting *Strickland*, 466 U.S. at 688). A defense attorney is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690. It is not ineffective assistance of counsel to fail to make a meritless argument. *Martin v. Kaiser*, 907 F.2d 931, 935 (10th Cir. 1990). For the reasons set forth above, Petitioner's arguments are meritless and, therefore, defense counsel's failure to advance them at sentencing is not ineffective assistance of counse.

## DENIAL OF EVIDENTIARY HEARING

Petitioner has the burden of establishing the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) Under §2255, there is a right to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255; *see also, United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) A hearing is not required when a defendant's allegations of fact supporting his or her claims are conclusory and unsupported by the record, are shown to be meritless, or are "affirmatively contradicted" by the files and record. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) An evidentiary hearing on a claim of ineffective assistance of counsel is required only if the factual allegations, if true, would meet both prongs of the *Strickland* test.

7

For the reasons stated above, the court finds that Petitioner has not made a colorable showing that his counsel was inadequate in any way, let alone that his performance fell below an objective standard of reasonableness. Furthermore, the Court finds that Petitioner's arguments were meritless, and "affirmatively contradicted" by the record. Accordingly, he can meet neither prong of the *Strickland* test and an evidentiary hearing is not necessary.

## RECOMMENDED DISPOSITION

The court recommends that Petitioner's Motion Pursuant to 28 U. S. C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody be DISMISSED with prejudice. Timely objections to the foregoing may be made pursuant to 28 U. S. C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**